UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARC ELLIOTT,

                    Plaintiff,

- against -

THE CITY OF NEW YORK, BRETT SCHANTZ,
LESLIE M. ROSA, "JOHN DOE" #1, "JOHN
DOE" #2, "JOHN DOE" #3 and "JOHN DOE" #4,
Individually and in Their Official Capacities,

                    Defendants
------------------------------------------------------------------x

12CV8062(RJS)

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

      Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

      1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Marc Elliott by the Civil Rights Act of 1871, 42 U.S.C. §1983, and by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments.

      2. Marc Elliott is a citizen of the United States who was lawfully present on Third Avenue, Bronx, New York on December 4, 2009, when he was arrested by defendants "John Doe" #1 and "John Doe" #2, taken to the 42nd Precinct, where he was imprisoned for approximately 17 hours, then was transported to Bronx Central Booking, where he continued to be imprisoned until December 6, 2009, when he was released without being charged with any crime. He was also lawfully present in a motor vehicle on Washington Avenue in the Bronx on August 5, 2011, when defendants Brett Schantz and Leslie M. Rosa stopped the vehicle, searched the plaintiff, the other occupants of the vehicle and the vehicle, arrested the plaintiff on false criminal charges of Criminal

Possession of Marijuana in the Fifth Degree and Unlawful, transported the plaintiff to the 42nd Precinct, where he was subjected to a strip search, and subsequently transported the plaintiff to Bronx Central Booking, where he was imprisoned until his arraignment on August 6, 2011, when the charges against him were adjourned in contemplation of dismissal and he was released.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Marc Elliott's constitutional and civil rights, and in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Brett Schantz and Leslie M. Rosa can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Marc Elliott is a citizen of the Untied States who, at all times relevant herein, resided in the County of Kings, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Brett Schantz is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Brett Schantz was acting within the scope of his employment by defendant The City of New York.

11. Defendant Leslie M. Rosa is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, Leslie M. Rosa was acting within the scope of her employment by defendant The City of New York.

13. Defendant "John Doe" #1 is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

14. At all times relevant herein, defendant "John Doe" #1 was acting within the scope of his employment by defendant The City of New York.

15. Defendant "John Doe" #2 is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

16. At all times relevant herein, defendant "John Doe" #2 was acting within the scope of his employment by defendant The City of New York.

17. Defendant "John Doe" #3 is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

18. At all times relevant herein, defendant "John Doe" #3 was acting within the scope of his employment by defendant The City of New York.

19. Defendant "John Doe" #4 is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

20. At all times relevant herein, defendant "John Doe" #4 was acting within the scope of his employment by defendant The City of New York.

## STATEMENT OF CLAIMS

### 1. THE ARREST OF DECEMBER 4, 2009

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this complaint as though the same were set forth fully herein.

22. On December 4, 2009, plaintiff Marc Elliott was lawfully present on Third Avenue, between 164th Street and 165th Street, Bronx, New York.

23. On December 4, 2009, on Third Avenue, between 164th Street and 165th Street, Bronx, New York, defendants "John Doe" #1 and "John Doe" #2 seized plaintiff Marc Elliott.

24. On December 4, 2009, on Third Avenue, between 164th Street and 165th Street, Bronx, New York, defendants "John Doe" #1 and "John Doe" #2 detained plaintiff Marc Elliott.

25. On December 4, 2009, on Third Avenue, between 164th Street and 165th Street, Bronx, New York, defendants "John Doe" #1 and "John Doe" #2 arrested plaintiff Marc Elliott under the name William M. Elliott.

26. Defendants "John Doe" #1 and "John Doe" #2 lacked a warrant authorizing the arrest of plaintiff Marc Elliott.

27. Defendants "John Doe" #1 and "John Doe" #2 thereupon handcuffed plaintiff Marc Elliott and placed him in a police vehicle.

28. Plaintiff Marc Elliott was thereafter transported to the 42nd Precinct, located at 830 Washington Avenue, Bronx, New York, where he was imprisoned for approximately 17 hours.

29. Plaintiff Marc Elliott was subsequently transported to Bronx Central Booking, where he continued to be imprisoned.

30. On December 6, 2009, plaintiff Marc Elliott was released from Bronx Central Booking without being charged with any crime.

### 2. THE ARREST OF AUGUST 5, 2011

31. On August 5, 2011, plaintiff Marc Elliott was lawfully present in the driver's seat of a motor vehicle in front of 1085 Washington Avenue, Bronx, New York.

32. On August 5, 2011, in front of 1085 Washington Avenue, Bronx, New York, defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 directed plaintiff Marc Elliott and the other occupants of the vehicle to exit the vehicle.

33. An officer whom the plaintiff believes was defendant Leslie M. Rosa proceeded to search the vehicle.

34. Defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 did not have a warrant or other legal process authorizing the search of the motor vehicle.

35. Plaintiff Marc Elliott and the other occupants of the vehicle were then told to re-enter the vehicle, but were detained in the vehicle by defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4.

36. Upon the arrival of a police van, defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 arrested plaintiff Marc Elliott and one of the other occupants of the vehicle on charges of Criminal Possession of Marijuana in the Fifth Degree and Unlawful Possession of Marijuana.

37. Plaintiff Marc Elliott was not in possession of any marijuana.

38. Defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 did not have a warrant or other legal process authorizing the arrest of plaintiff Marc Elliott.

39. One of the individual defendants handcuffed plaintiff Marc Elliott.

40. Plaintiff Marc Elliott was then transported to the 42nd Precinct, where he was imprisoned for a period of time.

41. One of the individual defendants seized the sum of $700.00 from plaintiff Marc Elliott.

42. At the 42nd Precinct, plaintiff Marc Elliott was subjected to a strip search.

43. Plaintiff Marc Elliott subsequently was transported to Bronx Central Booking, where he continued to be imprisoned.

44. On August 6, 2011, plaintiff Marc Elliott was arraigned before a judge of Bronx Supreme Court, Criminal Division, the charge against him was adjourned in contemplation of dismissal, and he was released from custody.

45. The sum of $700.00 seized from plaintiff Marc Elliott was never returned to him.

46. On November 2, 2011, and within ninety days of the accrual of the causes of action relating to the arrest of August 5, 2011, plaintiff Marc Elliott served upon the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where, and the manner in which his claims arose.

47. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

48. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though the same were set forth fully herein.

49. The seizure, arrest, detention and imprisonment of plaintiff Marc Elliott on December 4, 2009, were made without any warrant or other legal process directing or authorizing his seizure, arrest, detention or imprisonment.

50. The charges upon which defendants "John Doe' #1 and "John Doe" #2 arrested plaintiff Marc Elliott were false.

51. The charges were made by defendants "John Doe" #1 and "John Doe" #2 against plaintiff Marc Elliott with knowledge that they were false.

52. Plaintiff Marc Elliott was aware of his seizure, arrest, detention and imprisonment by defendants "John Doe" #1 and "John Doe" #2.

53. Plaintiff Marc Elliott did not consent to his seizure, arrest, detention or imprisonment.

54. As a result of the foregoing, plaintiff Marc Elliott was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

55. The seizure, arrest, detention and imprisonment of plaintiff Marc Elliott on December 4, 2009, deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

56. Defendants "John Doe" #1 and "John Doe" #2 were acting under color of state law when they seized, detained, searched, arrested and imprisoned plaintiff Marc Elliott on December 4, 2009.

57. Defendants "John Doe" #1 and "John Doe" #2 deprived plaintiff Marc Elliott of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by seizing, detaining, searching, strip searching, arresting and imprisoning plaintiff Marc Elliott on false criminal charges.

## COUNT TWO
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

58. Plaintiff incorporates by reference paragraphs 1 through 57 of this Complaint as though the same were set forth fully herein.

59. The acts of December 4, 2009 were carried out by defendants "John Doe" #1 and "John Doe" #2 in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

60. The acts complained of were carried out by defendants "John Doe" #1 and "John Doe" #2 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

61. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

62. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

   (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest

of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

63. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

64. The arrest and imprisonment of plaintiff Marc Elliott on December 4, 2009 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

65. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

66. Defendant The City of New York deprived plaintiff Marc Elliott of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty without due process of

law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT THREE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

67. Plaintiff incorporates by reference paragraphs 1 through 66 of this Complaint as though the same were set forth fully herein.

68. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants "John Doe" #1 and "John Doe" #2 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

69. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

70. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

71. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

72. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Marc Elliott would be violated.

73. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Marc Elliott.

74. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

75. Defendant The City of New York deprived plaintiff Marc Elliott of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the arrest and prosecution of plaintiff Marc Elliott on December 4, 2009.

## COUNT FOUR
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

76. Plaintiffs incorporate by reference paragraphs 1 through 75 of this Complaint as though the same were set forth fully herein.

77. The seizure, arrest, detention and imprisonment of plaintiff Marc Elliott on August 5, 2011, were made without any warrant or other legal process directing or authorizing his seizure,

arrest, detention or imprisonment.

78. The charges upon which defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 arrested plaintiff Marc Elliott were false.

79. The charges were made by defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 against plaintiff Marc Elliott with knowledge that they were false.

80. Plaintiff Marc Elliott was aware of his seizure, arrest, detention and imprisonment by defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4.

81. Plaintiff Marc Elliott did not consent to his seizure, arrest, detention or imprisonment.

82. As a result of the foregoing, plaintiff Marc Elliott was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

83. The seizure, arrest, detention and imprisonment of plaintiff Marc Elliott on August 5, 2011, deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

84. Defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 were acting under color of state law when they seized, arrested and imprisoned plaintiff Marc Elliott on August 5, 2011.

85. Defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 deprived plaintiff Marc Elliott of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, searching, strip searching, arresting and imprisoning plaintiff Marc Elliott on false criminal charges.

## COUNT FIVE
## STRIP SEARCH UNDER 42 U.S.C. §1983

86. Plaintiffs incorporate by reference paragraphs 1 through 85 of this complaint as though the same were set forth fully herein.

87. Defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 lacked a factual basis to support a reasonable suspicion that plaintiff Marc Elliott had evidence concealed on his body.

88. The strip search of plaintiff Marc Elliott conducted at the 42nd Precinct deprived plaintiff Marc Elliott of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

89. Plaintiff Marc Elliott suffered anxiety, embarrassment and humiliation as a result of the strip search conducted by defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4.

90. Defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 were acting under color of state law when they conducted a strip search of plaintiff Marc Elliott at the 42nd Precinct.

91. Defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 deprived plaintiff Marc Elliott of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a strip search of plaintiff Marc Elliott at the 42nd Precinct.

## COUNT SIX
### UNLAWFUL SEIZURE OF PROPERTY UNDER 42 U.S.C. §1983

92. Plaintiffs incorporate by reference paragraphs 1 through 91 of this Complaint as though the same were set forth fully herein.

93. Defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 lacked a warrant or other legal process directing or authorizing the seizure of money from plaintiff Marc Elliott.

94. The seizure of plaintiff Marc Elliott's funds deprived him of his rights to be free of unlawful searches and seizures and not to be deprived of his property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

95. Defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 were acting under color of state law when they seized plaintiff Marc Elliott's funds.

96. Defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 deprived plaintiff Marc Elliott of his rights to be free of unlawful searches and seizures, and not to be deprived of his property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing the sum of $700.00 from plaintiff Marc Elliott.

## COUNT SEVEN
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

97. Plaintiff incorporates by reference paragraphs 1 through 96 of this Complaint as though the same were set forth fully herein.

98. The acts of August 5, 2011 complained of were carried out by defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 in their capacities as police

officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

99. The acts complained of were carried out by defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

100. The arrest and imprisonment of plaintiff Marc Elliott on false criminal charges on August 5, 2011 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause, the requirements for warrantless arrests, and the elements of unlawful possession of untaxed cigarettes.

101. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

102. Defendant The City of New York deprived plaintiff Marc Elliott of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

103. The aforesaid conduct of defendant The City of New York violated the plaintiff's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT EIGHT
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

104. Plaintiff incorporates by reference paragraphs 1 through 103 of this Complaint as though the same were set forth fully herein.

105. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

106. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

107. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

108. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

109. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Marc Elliott would be violated.

110. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Marc Elliott.

111. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

112. Defendant The City of New York deprived plaintiff Marc Elliott of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the arrest of plaintiff Marc Elliott on August 5, 2011 and the seizure of his funds.

## COUNT NINE
## COMMON LAW FALSE IMPRISONMENT

113. Plaintiff incorporates by reference paragraphs 1 through 112 of this Complaint as though the same were set forth fully herein.

114. Defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3, "John Doe" No. 4 and The City of New York falsely imprisoned plaintiff Marc Elliott on August 5, 2011 by seizing, detaining, arresting and imprisoning him on false criminal charges.

115. As a result of the foregoing, plaintiff Marc Elliott was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT TEN
## COMMON LAW ASSAULT AND BATTERY

116. Plaintiffs incorporate by reference paragraphs 1 through 115 of this Complaint as though the same were set forth fully herein.

117. Defendants Brett Shantz, Leslie M. Rosa, "John Doe" No. 3 and "John Doe" No. 4 and the City of New York committed an assault and battery on the person of plaintiff Marc Elliott on August 5, 2011 by handcuffing him.

118. As a result of the foregoing, plaintiff Jonathan Floyd experienced pain, physical and emotional distress, hardship and anxiety.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Marc Elliott compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Marc Elliott punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
November 5, 2012

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
STEVEN MICHELSTEIN (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
(212) 588-0880